**Ebrahim Mohammed ALWHAINI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72574.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

Elias Z. Shamieh, Esq., Law Offices of Elias Z. Shamieh, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, P. Terry Lubeck, Esquire, DOJ–U.S. Department of Justice Office of the Attorney General, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Ebrahim Mohammed Alwhaini, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the BIA's conclusion that Alwhaini did not establish that it is more likely than not that he would be persecuted on account of a protected ground if he returns to Yemen. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170–72 (9th Cir.2005) (concluding that petitioners failed to prove their feared persecution was on account of a protected ground); *see also Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001) (personal retribution is not persecution on account of a protected ground). Accordingly, his withholding of removal claim fails.

Substantial evidence supports the BIA's denial of CAT relief because Alwhaini failed to establish it is more likely than not that he will be tortured if he returns to Yemen. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**